UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
                                        :
FELIPE BEACH,                           :   CASE NO. 4:18 CV 2363
                                        :
    Petitioner,                         :
                                        :
vs.                                     :   OPINION & ORDER
                                        :
WARDEN MARK WILLIAMS,                   :
                                        :
    Respondent.                         :
                                        :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* petitioner Felipe Beach, a federal prisoner incarcerated at FCI–Elkton, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. No. 1.) With his petition, he says the Bureau of Prisons (BOP) improperly found him ineligible to participate in a residential drug and alcohol treatment program (that, if completed, could reduce the amount of time he spends in prison) on the basis of a prior Ohio conviction for felonious assault. The BOP found petitioner ineligible for early release because 28 C.F.R. 550.55(b), lists categories of inmates ineligible for early release, including inmates who have a prior felony or misdemeanor conviction for "aggravated assault." 28 C.F.R. 550.55(b)(4)(iv).

Petitioner disputes the BOP's classifying his Ohio felonious assault conviction as aggravated assault and seeks a writ of habeas corpus "directing the BOP to find [him] eligible for early release consideration." (Doc. No. 1 at 6.)

A district court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must summarily deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner

Case No. 4:18 CV 2363
Gwin, J.

is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

The Court finds that the petition must be summarily dismissed. To be entitled to habeas corpus relief under § 2241, a prisoner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A prisoner has no constitutionally-protected liberty interest in discretionary release from prison before his sentence expiration. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) ("[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence"). Nor does a prisoner have a constitutionally-protected liberty or property interest in participating in a prison rehabilitation program. See *Moody v. Daggett*, 429 U.S. 78, 88, n. 9 (1976).

The federal statute that allows for a prisoner to be considered for a sentence reduction once he has successfully completed a residential drug and alcohol treatment program, 18 U.S.C. § 3621(e)(2)(B), leaves the decision of whether to grant early release to the BOP's discretion. *See Lopez v. Davis*, 531 U.S. 230, 241 (2001). Further, in Ohio, "as statutorily defined, the offense of aggravated assault is an inferior degree of . . . felonious assault . . . since its elements are identical to those of felonious assault, except for the additional mitigating element of serious provocation." *State v. Deem*, 533 N.E.2d 294, 299, 40 Ohio St.3d 205, 210–11 (Ohio 1988). Accordingly, the BOP did not abuse its discretion, or violate petitioner's constitutional rights, in determining him ineligible for early release.

**Conclusion**

Petitioner's allegations do not suggest a cognizable federal constitutional claim, and his petition is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section

Case No. 4:18 CV 2363
Gwin, J.

2254 Cases.  The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    IT IS SO ORDERED.

Dated:  January 30, 2019                       *s/     James S. Gwin*
                                                           JAMES S. GWIN
                                                           UNITED STATES DISTRICT JUDGE